UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODULAR MANAGEMENT GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADAMO CONSTRUCTION, INC., *et. al*, <br><br> Defendants. | Case No. 25-cv-01419-BAS-SBC <br><br> **ORDER:** <br><br> **(1) DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF No. 19); AND** <br><br> **(2) REFERRING PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO RESPOND TO DISCOVERY AND COMPEL DEFENDANTS TO ATTEND DEPOSITIONS (ECF No. 21) TO THE MAGISTRATE JUDGE** |

Presently before the Court are Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction ("Ex Parte Motion for TRO and PI") (ECF No. 19) and Ex Parte Application for an Order Shortening Time to Respond to Discovery and Compel

Defendants to Attend Depositions ("Application to Shorten Discovery") (ECF No. 21). For the following reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Ex Parte Motion for TRO and PI (ECF No. 19) and **REFERS** Plaintiff's Application to Shorten Discovery (ECF No. 21) to Magistrate Judge Steve B. Chu.

## BACKGROUND

Plaintiff filed its Complaint on June 4, 2025. (ECF No. 1.) Per the Complaint, Defendants Adamo Construction, Inc. and Joshua Godknecht allegedly violated a series of construction subcontracts by withholding a total of $2,586,349.70 owed to Plaintiff. (*Id.* ¶ 16.) Defendant Godknecht also allegedly distributed funds from Adamo in the 2024 fiscal year to himself and to John Doe Companies' accounts for his personal gain, rendering Defendant Adamo insolvent and unable to fulfill its payment obligations to Plaintiff. (*Id.* ¶¶ 18–19, 44.) Defendant Adamo allegedly made the distribution transfers without receiving reasonably equivalent value in exchange for such transfers. (*Id.* ¶¶ 39, 44.) In the Complaint, Plaintiff asserts causes of action for breach of contract, actual fraudulent transfer, constructive fraudulent transfer, and civil conspiracy. (*Id.* ¶¶ 23–25.)

Almost four months later, Plaintiff submitted its Ex Parte Motion for TRO and PI on September 23, 2025—the night before the parties' first case management conference on September 24, 2025, with Judge Chu. (ECF Nos. 19, 23.) Plaintiff alleges, *inter alia*, that Defendants are causing immediate and irreparable harm through selling valuable real estate and transferring assets to shell entities, rendering Plaintiff likely unable to recover $2,586,349.70. (*Id.* at 10–11.) None of the documents associated with this request were previously filed on the docket, and Defendants were not provided adequate notice before Plaintiff filed the Ex Parte Motion for TRO and PI. Defendants filed an opposition to Plaintiff's motion on September 26, 2025. (ECF No. 25.)

**EX PARTE MOTION FOR TRO AND PI**

## I. Legal Standard

A temporary restraining order ("TRO") is generally considered to be "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A TRO's "underlying purpose [is to] preserv[e] the status quo and prevent[] irreparable harm" until a preliminary injunction hearing can be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).

Furthermore, when a plaintiff seeks a TRO without providing notice to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes additional requirements. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1). "The stringent restrictions imposed . . . by Rule 65[] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods*, 415 U.S. at 438–39.

Next, regarding preliminary injunctions, Rule 65(a)(1) states: "The court may issue a preliminary injunction only on notice to the adverse party." When the moving party fails to show that it has provided adequate notice to its adversary, courts will generally deny the request for a preliminary injunction. *Premier Produce Co., Inc. v. Ervey*, No. 23-CV-362 DMS (DEB), 2023 WL 2702596, at *2 (S.D. Cal. Mar. 29, 2023).

## II. Analysis

### A. Failure to Provide Notice for TRO

Plaintiff's Ex Parte Motion for TRO and PI fails to provide notice to Defendants, and thus, does not meet the procedural requirements of filing a TRO in this Court. As discussed, Rule 65(b)(1)(B) requires that the party moving for a TRO "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Civil Local Rule 83.3(g)(2) likewise prohibits ex parte motions unless supported by a declaration explaining why notice should not be required. The Rule provides: "A motion for an order must not be made ex parte unless it appears by affidavit or declaration . . . that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney." CivLR 83.3(g)(2).

Plaintiff does not indicate in its Ex Parte Motion for TRO and PI or accompanying Declaration that it attempted to provide notice to Defendants about filing the Ex Parte Motion for TRO and PI. (*See* ECF Nos. 19, 19-1, 19-2.) Plaintiff has also failed to previously file the exhibits accompanying its Ex Parte Motion for TRO and PI in this action or to attest that it has otherwise shared those exhibits with Defendants.

Plaintiff does document a few instances of outreach to Defendants regarding discovery to prepare for a possible TRO and PI hearing in its Declaration accompanying the Application to Shorten Discovery. (*See* ECF No. 21-1.) However, even if these events were detailed in the Declaration accompanying Plaintiff's Ex Parte Motion for TRO and PI, neither attempts to contact counsel for Defendants mere hours before filing the motion (ECF No. 21-1 ¶ 3) nor discovery requests on the same date as the TRO filing (ECF No. 21-1 ¶ 1) provide opposing counsel reasonable notice and opportunity to be heard. *See Granny Goose Foods*, 415 U.S. at 438–39 (noting courts need to weigh granting ex parte TROs against "reasonable notice and an opportunity to be heard has been granted both sides of a dispute"). For the reasons above, Plaintiff has failed to meet the requirements set out in Rule 65(b)(1)(B) to provide notice to Defendants prior to filing a TRO.

**B. Failure to Demonstrate Extraordinary Circumstances Warranting Ex Parte TRO**

Unlike a preliminary injunction, Rule 65(b)(1) allows a TRO to be issued without written or oral notice to the adverse party or its attorney in limited circumstances. This Court's Standing Order for Civil Cases states in Section 9 that:

> All motions for temporary restraining orders must be briefed. While temporary restraining orders may be heard in true ex parte fashion (i.e., without notice to an opposing party), the Court will do so only in extraordinary circumstances. The Court's strong preference is for the opposing party to be served and afforded a reasonable opportunity to file an opposition.

For example, an ex parte TRO may be appropriate "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). This exception is inapplicable here because Defendants' identity is known, and because Defendants can be located in time for a hearing. Indeed, Plaintiff's and Defendants' counsel convened the very day after Plaintiff filed the TRO motion for a case management conference with Judge Chu. (ECF No. 23.)

Alternatively, "[i]n cases where notice could have been given to the adverse party, courts have recognized 'a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Reno Air Racing Ass'n*, 452 F.3d at 1131 (citing *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Generally speaking, this "narrow band" includes only situations wherein an ex parte order is necessary "to preserve evidence or the court's jurisdiction." *Am. Can Co.*, 742 F.2d at 323 n.11.

This current instance does not qualify as an "extraordinary circumstance" in which a TRO may be granted because Plaintiff has not demonstrated that Defendants have a history of disposing of relevant evidence or disregarding court orders. Defendants have instead demonstrated cooperative behavior in answering Plaintiff's Complaint and participating in case management conferences. (ECF Nos. 16, 23.)

### C. Failure to Demonstrate Irreparable Harm Warranting an Ex Parte TRO

Even if Plaintiff satisfied the procedural requirements for the Court to issue a TRO, Plaintiff fails to clearly show that immediate and irreparable injury, loss, or damage will result to it before the adverse party can be heard in opposition, as required for the Court to issue a TRO under Rule 65(b)(1)(A).

Plaintiff alleges that Defendants' conduct, including "issuing insider distributions while insolvent, forming multiple shell entities sharing the same address and officers, and actively selling valuable real estate assets," amounts to irreparable harm because it dissipates assets that Plaintiff would be entitled to if it prevails on a later judgment. (ECF No. 19-1 at 10–11.) Plaintiff further cites discussions with Defendants about Defendants' contracts with third parties, spreadsheets of Adamo's financials, and public records of recently formed entities as proof of Defendants' allegedly "fraudulent" and "deceitful actions to move assets and create entities coincid[ing] directly with Adamo's disrepair." (ECF No. 19-1 at 3, 6; *see also* ECF No. 19-2 at ¶¶ 6, 10–11, Exs. A-9 to A-16.) Absent a more particularized showing that Defendants' financial activity was fraudulent and/or will render Adamo unable to fulfill its possible payment obligations, these allegations are not presently enough to show that the complained-of injury is imminent or irreparable.

Relatedly, Plaintiff does not have any current legal claim to the disputed assets, as it has not yet secured a monetary judgment for the alleged claims. The cases cited by Plaintiff grant preliminary injunctions—not temporary restraining orders—for prospective monetary loss. (*See* ECF No. 19-1 at 10 (citing *In re Est. of Ferdinand Marcos, Hum. Rts. Litig.*, 25 F.3d 1467 (9th Cir. 1994), and *In re Focus Media Inc.*, 387 F.3d 1077, 1085 (9th Cir. 2004)).) As discussed, preliminary injunctions require the moving party to provide adequate notice to the opposing party, unlike ex parte TROs. It is unclear from the pleadings how waiting for an additional, short period of time to allow notice and briefing on a noticed TRO or preliminary injunction would impose immediate injury on Plaintiff—especially since Plaintiff waited to file the ex parte TRO application nearly four months after first filing the Complaint. (*See* ECF Nos. 1, 19.) In sum, prospective loss of funds—

which Plaintiff does not yet have legal claim over—does not qualify as irreparable harm sufficient to justify a TRO.

### D. Failure to Provide Notice for PI

Plaintiff's request for preliminary injunction likewise requires "adequate notice" to the adverse party under Rule 65(a)(1). Plaintiff waiting four months to file its Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction, and only alerting Defendant of their intention to do so on the day of filing, does not constitute adequate notice. (ECF Nos. 19, 21-1 ¶ 3.) Thus, Plaintiff also fails to provide adequate notice to Defendants for purposes of seeking a preliminary injunction pursuant to Rule 65(a)(1).

* * *

For the reasons above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Ex Parte Motion for TRO and PI (ECF No. 19). Hence, rather than set a briefing schedule on the request for a preliminary injunction, the Court finds it appropriate to deny this request without prejudice. If Plaintiff wishes to seek injunctive relief, it may bring a noticed motion for a preliminary injunction under Rule 65(a), filed and served in accordance with Civil Local Rule 7.1 and this Court's Standing Order for Civil Cases.

## APPLICATION TO SHORTEN DISCOVERY

In light of the Court's decision to deny Plaintiff's Ex Parte Application for TRO and PI (ECF No. 19), the Court recognizes that Plaintiff may wish to seek expedited discovery to support a noticed request for preliminary injunction. Thus, this Court **REFERS** Plaintiff's Application to Shorten Discovery (ECF No. 21) for determination by Judge Chu. *See* Fed. R. Civ. P. 72(a) and CivLR 72.1(b).

## CONCLUSION

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Ex Parte Motion for TRO and PI (ECF No. 19) and **REFERS** Plaintiff's Application to Shorten Discovery (ECF No. 21) to Judge Chu. If Plaintiff wishes to seek injunctive relief, it may

bring a noticed motion for a preliminary injunction under Rule 65(a), filed and served in accordance with Civil Local Rule 7.1 and this Court's Standing Order for Civil Cases.

**IT IS SO ORDERED.**

DATED: September 30, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court